UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GABINO SILVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CV-2193-G |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion to dismiss the complaint in this case

for lack of subject matter jurisdiction.  For the reasons discussed below, the motion is

granted.

I.  BACKGROUND

Plaintiff Gabino Silva ("Silva") alleges that on July 10, 2003, he was operating

a golf cart and was struck by an automobile driven by a United States Postal Service

employee.  Plaintiff's Original Complaint at 1.  Silva pursued an administrative

remedy for his injury, but his claim was rejected by the Postal Service on April 18,

2005, by certified mail.  Defendant's Appendix, *attached to* Defendant's Motion to

Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1), and Brief in Support Thereof ("Motion") at 1-2.  Silva filed this suit on November 8, 2005.  Docket Sheet.

## II.  ANALYSIS

### A.  Standard for Dismissal Under Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1).  A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim."  *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).  On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'"  *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on:  "1) the complaint alone; 2) the

complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).

Here, the United States argues that Silva did not follow the Federal Tort Claims Act's statutory requirements and therefore jurisdiction is lacking.  Motion at 2.

### B.  Federal Torts Claims Act

"It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  The Federal Tort Claims Act ("FTCA") is such a waiver of sovereign immunity.  *Id*. (citing 28 U.S.C. § 1346(b)).  This waiver, however, is limited.  Under the FTCA, a claimant must file an administrative claim within two years and file suit within six months of the claim's denial.  28 U.S.C. § 2401(b); see also *Willis v. United States*, 719 F.2d 608, 612 (2d Cir. 1983); *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984); cf. *Reynolds v. United States*, 748 F.2d 291, 293 (5th Cir. 1984) (dismissing amended complaint brought against United States after the expiration of the six-month period, even though plaintiff had timely filed an administrative claim).

These restrictions are jurisdictional in nature, *Houston v. United States Postal Service*, 823 F.2d 896, 902 (5th Cir. 1987), *cert. denied* 485 U.S. 1006 (1988), and equitable considerations that may waive or toll limitations periods do not have the same effect in suits against the sovereign as they do in suits between private parties.  *Goff v. United States*, 659 F.2d 560, 561 (5th Cir. 1981); *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (filing suit within six months of administrative denial of a claim is a jurisdictional requirement); *Carr v. Veterans Administration*, 522 F.2d 1355, 1357 (5th Cir. 1975) (stating that the six-month filing requirement must be followed strictly because it is a waiver of sovereign immunity); *Quinton v. United States*, 304 F.2d 234, 242 (5th Cir. 1962) (Hutcheson, J., concurring) ("Section 2401(b) is not a statute of limitations, within the legal definition of that term, . . . it imposes . . . a jurisdictional prerequisite to recovery . . . .").  Therefore, if the plaintiff fails to meet FTCA requirements, the court is deprived of jurisdiction to hear the case.  *United States v. Testan*, 424 U.S. 392 (1976).

Silva's claim is barred by statute.  Because the letter denying Silva's claim was dated April 18, 2005, he had to file suit by October 18, 2005.  Instead, Silva filed this case on November 8, 2005 -- three weeks after the six-month deadline.  *See* Motion at 3.  The court is thus deprived of jurisdiction, and the defendant's motion to dismiss must be granted.

- 4 -

III.  <u>CONCLUSION</u>

For the reasons discussed above, the defendant's motion to dismiss is

**GRANTED**.

**SO ORDERED**.


April 20, 2006.


_____

A. JOE FISH
CHIEF JUDGE